DECISION
{¶ 1} Plaintiff-appellant, Lisa G. Sinnott (n.k.a. Garrison), appeals from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, which disposed of various motions related to child support arising out of appellant's 1983 divorce from defendant-appellee, Timothy D. Sinnott.
 {¶ 2} At the time of the 1983 divorce decree, appellant obtained custody of the parties' two children, and appellee was ordered to pay $50 per week in child support. In 1987, appellee was found in contempt for failure to pay child support, and an agreed judgment entry lowered his child support payment to $25 per week, with a waiver of arrearages. Nevertheless, appellee discontinued paying support, because he claims that the parties had agreed that appellant would waive the ordered payments.
 {¶ 3} On July 19, 2000, appellant filed a motion for contempt for failure to pay child support, and sought a liquidation of arrearages and attorney fees, additionally seeking an increase in child support for the remaining unemancipated child. After a hearing on the motions, a magistrate issued a decision sustaining appellant's motion to modify and increasing the payment to $360.22 monthly, effective for the period from July 19, 2000 to June 8, 2001. The magistrate also overruled and dismissed appellant's motion for contempt and for attorney fees, ordered the parties to share court costs, and sustained appellant's motion to determine and liquidate arrearages, finding appellee to be $37,585.04 in arrears. The magistrate ordered liquidation of the arrearage at a rate of $200 per month. After hearing various motions and objections relevant to the magistrate's decision, the trial court issued its final decision on October 16, 2002.
 {¶ 4} In its decision, the trial court sustained appellant's objections to the magistrate's finding that appellee was not in contempt, and overruled appellant's objections to the failure to award attorney fees, the liquidation order of $200 per month, and the withholding order. Thus, the court found that appellee was in contempt and that the magistrate had decided what was a fair and equitable monthly amount for appellee to pay to reduce the child support arrearages.
 {¶ 5} Appellant now assigns the following as error:
I. The Trial Court Erred In Not Awarding Attorney's Fees As A Result Of Appellee's Contempt.
II. The Trial Court Erred In Granting Appellee A Liquidation Order Of Only $200.00 Per Month On An Arrearage Of $37,585.04.
III. The Trial Court Erred In Issuing A Withholding Order Of Only $200.00 Per Month.
 {¶ 6} Appellant's first assignment of error argues that attorney fees are mandatory upon a finding of contempt, pursuant to R.C. 3109.05(C). That section states:
(C) If any person required to pay child support under an order made under division (A) of this section on or after April 15, 1985, or modified on or after December 1, 1986, is found in contempt of court for failure to make support payments under the order, the court that makes the finding, in addition to any other penalty or remedy imposed, shall assess all court costs arising out of the contempt proceeding against the person and require the person to pay any reasonable attorney's fees of any adverse party, as determined by the court, that arose in relation to the act of contempt and, on or after July 1, 1992, shall assess interest on any unpaid amount of child support pursuant to section 3123.17 of the Revised Code.
 {¶ 7} Although the trial court found appellee to be in contempt, it did not specifically address appellant's request for attorney fees, stating that appellant had failed to establish that the magistrate's decision was against the manifest weight of the evidence with regard to appellant's specific objections "three, four, five and six." Appellant's objection number three had been that the magistrate should have awarded attorney fees because appellee was, in fact, in contempt. Because the trial court sustained appellant's objection that the magistrate should have found appellee in contempt, the court was required by R.C. 3109.05(C) to require appellee to "pay any reasonable attorney's fees * * * as determined by the court." Upon finding appellee in contempt, the trial court should have determined what reasonable attorney fees would have been and awarded those fees to appellant accordingly. We therefore sustain appellant's first assignment of error.
 {¶ 8} Assignments of error two and three are related and will be addressed together. Appellant argues R.C. 3121.36 requires the trial court to have ordered appellee to satisfy the arrearage in an amount higher than $200 per month. That statute provides, in part:
* * * If a notice is issued * * * to collect the overdue and unpaid support or arrearage, the amount withheld or deducted from the obligor's personal earnings, income, or accounts shall be at least equal to the amount that was withheld or deducted under the terminated child support order.
(Emphasis added.)
 {¶ 9} According to appellant, the relevant underlying support order in this matter was the September 2001 magistrate decision ordering appellee to pay $360.22 per month for the period of July 2000 to June 2001 for the remaining minor child, whom the court found reached the age of emancipation on June 8, 2001. The $200 per month amount ordered by the trial court to reduce the $37,585.04 arrearage was based upon the original 1983 child support order calling for appellee to pay $50 per week. Appellee argues that the $200 per month amount complied with R.C.3121.36, and that appellant cannot now complain about the slow reduction of the debt because she took no action to obtain satisfaction for the arrearage during the previous 13 years.
 {¶ 10} The magistrate's decision awarding appellant both the $360.22 per month child support and the $200 per month to liquidate the arrearages stated, in part:
2. Defendant shall pay child support to Plaintiff for the benefit of the parties' one minor child in the amount of $360.22 per month plus processing charge effective July 19, 2000 to June 8, 2001 the date of high school graduation of the minor child, Mandy J. Sinnott, DOB 1-31-83.
3. * * * Plaintiff's motion to determine and liquidate arrearages is sustained. Defendant owes an arrearage in child support in the amount of $37,585.04 as of June 8, 2001. Defendant shall liquidate the arrearage at the rate of $200.00 per month plus processing charge.
 {¶ 11} The trial court's award of $360.22 per month for child support for the period from July 2000 to June 2001 increased appellee's obligation for the remainder of the youngest child's minority. Appellee's support obligation then terminated on June 8, 2001, the date of the child's high school graduation. The court's order regarding payment of the arrearages was the result of appellant's attempt to collect overdue and unpaid support under the order terminating on June 8, 2001. Pursuant to R.C. 3121.36, the court's order to liquidate the arrearage must have been for an amount "at least equal to the amount that was withheld or deducted under the terminated child support order." Because the last amount ordered withheld or deducted was in the amount of $360.22, the court's $200 per month order was not in compliance with R.C. 3121.36, and so we sustain appellant's second and third assignments of error.
 {¶ 12} Based upon these considerations, appellant's assignments of error are sustained, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is reversed. This matter is remanded with instructions to the trial court to determine and award to appellant reasonable attorney fees arising in relation to the order of contempt, and to change the order for liquidation of the arrearage to reflect the opinion rendered herein.
Judgment reversed and cause remanded with instructions.
KLATT and DESHLER, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.